IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10590
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICHOLAS A. MARTIN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-142-1-Y
- - - - - - - - - -
December 10, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Nicholas A. Martin appeals from his judgment of conviction and sentence following a guilty plea for possession of a firearm by a convicted felon. He argues that 18 U.S.C. § 922(g)(1) is unconstitutional, in light of the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995). Martin's argument is foreclosed by United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).

Martin also argues that the district court erred by failing to treat two prior state-court convictions for burglary of a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

habitation as "related cases" for sentencing purposes.  Martin argues that the convictions are related because they would be considered as consolidated for sentencing under Ninth Circuit law and nonbinding commentary in a Sentencing Commission publication, and he suggests that principles of federalism and the rule of lenity dictate that state law should not determine whether prior convictions are considered as "consolidated" under the Sentencing Guidelines.

The Ninth Circuit's holding on this issue is irrelevant because, under the law in this circuit, Martin's prior convictions are not deemed to have been consolidated for sentencing.  See United States v. Gipson, 46 F.3d 472, 476 (5th Cir. 1995).  The Sentencing Commission publication cited by Martin is not binding on this court.  United States v. Kings, 981 F.2d 790, 795 n.10 (5th Cir. 1993).

AFFIRMED.